UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RANDY JEREMAINE EDWARDS,

       Plaintiff,
v.

JUST GET HEALTHY SOUTH FLORIDA LLC,
SCREEN AND CONFIRM, LLC,
LAKESHA S. GARY,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, RANDY JEREMAINE EDWARDS ("Edwards"), brings this action against Defendants, JUST GET HEALTHY SOUTH FLORIDA LLC ("JGHSF"), SCREEN AND CONFIRM, LLC ("S&C"), and LAKESHA S. GARY ("Gary"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Edwards was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, JGHSF was a Florida corporation that regularly transacted business in Broward County, Florida.

4. At all times material hereto, S&C was a Florida corporation that regularly transacted business in Broward County, Florida.

5. Gary is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of JGHSF, ran the day-to-day operations and had operational control over JGHSF, and was directly

involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Edwards.

6. Gary is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of S&C, ran the day-to-day operations and had operational control over S&C, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Edwards.

7. JGHSF's business involves Covid testing.

8. S&C's business involves Covid testing.

9. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

10. Upon information and belief, JGHSF's gross sales or business done was in excess of $500,000 per year at all times material hereto.

11. JGHSF was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

12. Upon information and belief, S&C's gross sales or business done was in excess of $500,000 per year at all times material hereto.

13. S&C was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

14. JGHSF and S&C are a single enterprise under the FLSA, performed related activites through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

15. JGHSF and S&C were joint employers of Edwards under the FLSA, shared Edwards' services, had Edwards acting in the interest of each business, and shared common control of Edwards.

16. Edwards worked for Defendants as a field tester.

17. Defendants failed to pay Edwards' full and proper minimum wages.

18. Defendants failed to pay Edwards' full and proper overtime wages.

19. Defendants knowingly and willfully refused to pay Edwards' legally-entitled wages.

20. Attached as **Exhibit A** is a preliminary calculation of Edwards' claims. These amounts may change as Edwards engages in the discovery process.

21. Edwards retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

22. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-21 above as if set forth herein in full.

23. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

24. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791